

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-4123

Re: Does the failure of a
holder of a driver's
license to make the re-
port of an accident re-
quired by Sec. 39, Art.
V, H.B. 20, 47th Leg.,
render such holder sub-
ject to prosecution for
a misdemeanor and subject
to the penalty prescribed
by Sec. 44 thereof?

We have given due consideration to the question as
propounded in your opinion request, and which is restated
above.

Section 39 of House Bill No. 20 of the Regular Ses-
sion of the Forty-seventh Legislature, reads as follows:

"Sec. 39. Accidents to be reported by
persons involved.

"Every person involved in an accident
resulting in death, injury, or apparent prop-
erty damage of Fifty Dollars ($50) or more
where one or more motor vehicles are involved
and who is the holder of an operator's, com-
mercial operator's, or chauffeur's license,
under the provisions of this Act, shall make
a report of such accident to the Department
of Public Safety within forty-eight (48) hours.
Refusal to make such report shall render the

holder of such license liable to suspension or revocation of such license. Reports required by this Section shall be deemed privileged communications."

Section 44 of said House Bill is the general penalty clause, and is in the following language:

"Sec. 44. Penalty for violation of Act.

"(a) It shall be a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other laws of this State declared to be a felony.

"(b) In addition to any other penalties hereinbefore provided, and unless another penalty is in this Act or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any provision of this Act shall be punished by fine of not more than Two Hundred Dollars ($200)."

It is our opinion that the above quoted provisions of House Bill No. 20 are sufficient to constitute the failure of a holder of a driver's license to report the specified character of accident a penal offense; and the Legislature not having made the same a felony, and not having provided a specific penalty, that a violator should be punished under the general provisions of Section 44. We perceive no distinction from the like situations in many other statutory enactments with general penalty clauses; for example, the Liquor Control Act, Article 666-41, Vernon's Annotated Penal Code; Wilcoxson vs. State, 134 Tex. Cr. R. 583, 116 S. W. (2d) 404.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 30 1941

By *Benjamin Woodall*

Benjamin Woodall
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

EW:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN